**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Allen Montiel,<br><br>Petitioner,<br><br>v.<br><br>Carla Hacked-Agnew, et al.,<br><br>Respondents. | No. CV-17-08017-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (Doc. 1). The Magistrate Judge to whom this case is assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed with prejudice. (Doc. 16). Petitioner filed an objection to the R&R. (Doc. 17).

**I.     REVIEW OF R&R**

This Court "may accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court must review the Magistrate Judge's findings *de novo* only if a party objects to the Magistrate Judge's findings or recommendations. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). However, if no party objects to any fact or issue, the district court is not required to engage in "any review at all . . . ." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Accordingly, the Court will review the portions of the R&R to which Petitioner has objected *de novo*.

## II. PETITION FOR WRIT OF HABEAS CORPUS

In his habeas petition, Petitioner raises four grounds for relief, each claiming a violation of Petitioner's due process rights under the Fourth, Fifth, and Fourteenth Amendments: (1) judicial vindictiveness, (2) judicial breach of verbal agreement during settlement conference, (3) the court's refusal to hold a suppression hearing, and (4) ineffective assistance of counsel. (Doc. 1).

The Magistrate Judge found that the state court's determination related to Petitioner's first ground for relief was not contrary to, nor an unreasonable application of, federal law. (Doc. 16 at 11). The Magistrate Judge consequently recommended that the ground be denied and dismissed. (*Id.*) Petitioner objects to the Magistrate Judge's recommendation, alleging that the state court's decision "was/is contrary to or an unreasonable application of federal law." (Doc. 17 at 3).

With regard to Petitioner's remaining grounds for relief, the Magistrate Judge found that each of the grounds were procedurally barred because Petitioner had not fairly presented them in state court. (Doc. 16 at 12). The Magistrate Judge subsequently found no excuse for Petitioner's procedural default. (*Id.* at 12–13). Petitioner objects to the Magistrate Judge's findings, alleging that he "ha[d] fulfilled every requirement to properly exhaust [his] federal claims according to the law." (Doc. 17 at 3).

## III. FACTUAL AND PROCEDURAL BACKGROUND

The R&R recounts the factual and procedural background of this case, based primarily on the record from state court. (Doc. 16 at 1–3). Petitioner ostensibly "disagrees with the [Magistrate Judge's] . . . factual findings," but fails to address any specific factual inadequacies or discrepancies. (Doc. 17 at 2). Petitioner has failed to show that the state court record, relied on by the Magistrate Judge, was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Accordingly, the Court adopts that portion of the R&R.

## IV. DISCUSSION

### A. Ground One: Judicial Vindictiveness

Petitioner's first ground for relief is under a theory of judicial vindictiveness. (Doc. 1 at 6). Petitioner claims that the state court judge was vindictive when sentencing him to a 13.5-year sentence after previously mentioning that a sentence of five years would probably be imposed if Petitioner lost at trial. (*Id.*). Petitioner asserts that "when a . . . judge[']s ultimate goal is a substantial 'time increase,'" this leads to a "presumption of vindictiveness violating due process, Fourth, Fifth, and Fourteenth Constitutional Amendments." (*Id.*). The Arizona Court of Appeals held that there was no judicial vindictiveness. (Doc. 16 at 1–2). The Magistrate Judge recommended that Petitioner's first ground be denied and dismissed because state court's decision was neither contrary to established federal law nor based on an unreasonable factual determination. (Doc. 16 at 11).

#### i. Legal Standard

As explained in the R&R, federal courts "shall not" grant habeas relief, with respect to claims adjudicated on the merits in state court, unless the state court's decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. (Doc. 16 at 3); *see* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). This standard requires that federal courts give the "benefit of the doubt" to state court decisions. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

As it relates to the first prong of the test, a state court's decision is only contrary to federal precedent if it applies a rule which contradicts the law as previously set forth in a Supreme Court case, or, using "materially indistinguishable" facts from a Supreme Court case, finds contrary to the Supreme Court decision. *Williams*, 529 U.S. at 404–05. The first prong can also be satisfied if the state court's decision applies a governing rule to a set of facts—or extends, or fails to extend, a legal principle—in an objectively

unreasonable manner. *Hernandez v. Small*, 282 F.3d 1132, 1142 (9th Cir. 2002). To satisfy the second prong, a petitioner must show that the state court made an unreasonable determination of the facts in light of the evidence presented in that court's proceedings. 28 U.S.C. § 2254(d)(2).

### ii. Analysis

The Magistrate Judge, in the R&R, discussed two United States Supreme Court cases with relevant legal precedent for the issue at hand. (Doc. 16 at 10 (discussing *North Carolina v. Pearce*, 395 U.S. 711 (1969) and *Alabama v. Smith*, 490 U.S. 794 (1989)). The Magistrate Judge correctly determined that the federal law derived from those cases was not unreasonably applied in the present state court case. (*Id.*) The Magistrate Judge found that the Arizona Court of Appeals was reasonable in holding that there was no "categorical presumption of judicial vindictiveness" in the circumstances of this case, which included the "defendant reject[ing] the plea offer, go[ing] to trial, and receiv[ing] a harsher sentence after trial than was available to him under the rejected plea offer . . . ." (Doc. 16 at 10–11). As such, the Magistrate Judge found, and this Court agrees, that the state court's determination was not contrary to, nor an unreasonable application of, federal law. Furthermore, this Court is aware of no Supreme Court case with facts materially indistinguishable from the present case. As such, Petitioner failed to meet the first prong of the test.

With respect to the second prong, the Court must identify whether the state court reasonably interpreted the facts in light of the evidence presented. As discussed in the R&R, the state court's determination that there was no presumption of vindictiveness on the part of the judge was based on facts in the record. (*Id.* at 11). Specifically, the Magistrate Judge identified that the record reflected the reason for the increased sentence as "aggravating circumstances found by the jury and judge based on trial evidence . . . ." (*Id.*). These circumstances led the state court judge to impose a harsher sentence than the one contemplated during the settlement conference, where the aggravating circumstances had not been revealed. Because a presumption of vindictiveness could not be identified,

the burden was on Petitioner to show that the judge acted with actual vindictiveness. This, Petitioner failed to do. Furthermore, Petitioner failed to identify a deficiency in the process followed by the state court, nor does this Court find any deficiency.

Petitioner claims that the state court's decision "was/is contrary to or an unreasonable application of federal law," but fails to cite any federal law or case holding that would support this assertion. (Doc. 17 at 3). Petitioner only states that the state court's "performance analysis was unreasonable and its prejudice analysis was/is contrary to clearly established federal law." (*Id.*) Absent a showing of factual or legal evidence to support these conclusions couched as claims, the Court finds them meritless.

### iii. Conclusion

The Court concludes that the state court's decision was neither contrary to clearly established federal law nor based on an unreasonable factual determination. Because the Magistrate Judge appropriately applied the legal standard at issue to the first ground, the Court overrules Petitioner's objections and accepts the R&R's recommendation of denial and dismissal of Petitioner's first ground.

## B. Grounds Two through Four

Petitioner's remaining grounds are that (1) the court inappropriately breached a verbal agreement, made between the court and Petitioner, during a settlement conference; (2) the court inappropriately refused to hold a suppression hearing related to evidence that Petitioner believes was illegally-seized; and (3) that Petitioner's trial counsel was ineffective in misinforming him about the state's plea agreement,[1] and in failing to request a suppression hearing related to the previously-mentioned evidence. (Doc. 1 at 13, 33, 44). The Magistrate Judge found these claims to be procedurally barred because they had not been exhausted in state court. (Doc. 16 at 12).

---

[1] Petitioner simultaneously argues that he "took the judge's word that he'd receive a sentence of 5 years," (Doc. 17 at 5), and that he was misinformed by his attorney regarding the sentence under his plea agreement and believed that it would be thirty years—alleging that, "had [he] known [that the sentence would only be five years] he would have taken great consideration of the offer." (Doc. 1 at 44). While it is obvious that both of these statements cannot be true, the Court need not address this conflict because, as discussed below, Petitioner's claim is barred on procedural grounds.

### i. Legal Standard

The R&R notes that, before petitioning a federal court for a writ of habeas corpus, state prisoners must exhaust their remedies in state court. (Doc. 16 at 4); *see* 28 U.S.C. § 2254(b)(1) and (c); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). In Arizona, these claims must be presented to the Arizona Court of Appeals through either the direct appeal process or other post-conviction relief. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Furthermore, the petitioner must "alert the state courts to the fact that [he] was asserting a claim under the United States Constitution." *Sumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000). General appeals to constitutional guarantees are insufficient to meet the standard of presentation before state courts. *Id.* at 987 (quoting *Gray v. Netherland*, 518 U.S. 1552, 163 (1996)). The United States Supreme Court has held that claims not sufficiently presented to state courts in a procedurally-correct manner are deemed procedurally defaulted and generally barred from habeas relief. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).

When alleging ineffective assistance of counsel, a claim will be procedurally barred if "all operative facts" related to the claim have not been presented to the state courts. *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). Each instance of a counsel's ineffectiveness must be separately alleged for purposes of exhaustion in state court. *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013).

"[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (internal citations and quotations omitted). The Supreme Court has identified that the "fundamental miscarriage of justice exception" can be used to overcome procedural defaults in situations where the petitioner makes a proper showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013). Furthermore, a

petitioner's ignorance of procedural rules due to a lack of legal training is insufficient to establish "cause" for the procedural default. *See Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991) (holding that a habeas petitioner's lack of legal training and limited access to legal materials did not constitute cause to excuse procedural default).

### ii. Analysis

The Magistrate Judge, in the R&R, identified that Petitioner failed to assert these three grounds in state court. (Doc. 16 at 12). The Magistrate Judge found that Petitioner failed to raise the breach of contract claim on direct appeal or in Petitioner's Post-Conviction Relief (PCR) proceedings. (*Id.*) The Magistrate Judger further found that Petitioner failed to raise a claim related to suppression of evidence to the Arizona Court of Appeals on review from the denial of Petitioner's PCR petition. (*Id.*) Finally, the Magistrate Judge found that Petitioner failed to raise the specific claim related to ineffective assistance of counsel in Petitioner's PCR proceedings. (*Id.*) As such, the Magistrate Judge found that these three grounds were procedurally barred. (*Id.*)

Petitioner argues that he has "followed every rule . . . to properly present [and] exhaust any and every ground(s) for relief to both the Superior then the appropriate appellate courts . . . includ[ing] direct appeal, Rule 32, Petition for Review for R[ule] 32, and Habeas." (Doc. 17 at 3). After reviewing Petitioner's brief before the Court of Appeals of Arizona, (Doc. 11-6 at 111), Notice of Post-Conviction Relief (*Id.* at 159), and Petition for Post-Conviction Relief (*Id.* at 164), this Court agrees with the Magistrate Judge. There is no mention in any of the referenced documents that Petitioner raised a breach of contract claim or a claim related to the suppression of evidence in either his appeal to state court or in his PCR proceedings. Petitioner did, as the Magistrate Judge notes, raise a claim related to ineffective assistance of counsel—but the claim was unrelated to Petitioner's current ground, which was that the "counsel[']s unprofessional performance cause[d] harmful error and prejudice[d] [Petitioner] and caused [Petitioner] to receive a substantial[ly] higher sentence," specifically that his counsel "misinformed him about a plea agreement" and "failed to hold a suppression hearing." (Doc. 1 at 44).

Petitioner's ineffective assistance claim in state court was related to Petitioner's counsel's failure to present mitigating evidence. (Doc. 11-6 at 169). As such, the operative facts related to Petitioner's three claims—breach of contract, suppression of evidence, and ineffective assistance of counsel—have not been raised in state court and are resultantly procedurally barred.

Petitioner notes that, in order for a state's procedural rule to foreclose federal review, the state rule must be "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. U.S. Dist. Court for E. Dist. Of California*, 96 F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Mass*, 28 F.3d 1005, 1009 (9th Cir. 1994)). However, Petitioner fails identify which, if any, state rules violate the factors required by *Calderon*. To the extent that Petitioner relies on his "being unlearned in law" as a reason for excusing his procedural missteps, this does not, as discussed above, establish sufficient cause to excuse Petitioner's defaults. (Doc. 17 at 4). As such, this Court finds no reason why failure to follow Arizona's procedural rules should not foreclose federal review.

Petitioner is unable to overcome these procedural defaults through either a showing of cause or a fundamental miscarriage of justice. Petitioner has not shown cause which would excuse the procedural defaults, and as such, this Court will not reach the issue of prejudice. *Poland v. Stewart*, 169 F.3d 573, 588 (9th Cir. 1999). Finally, Petitioner has raised no claim of actual innocence which would demonstrate a fundamental miscarriage of justice. Absent "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial," Petitioner has not shown a fundamental miscarriage of justice which would excuse Petitioner's procedural default. *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

### iii. Conclusion

Petitioner's remaining grounds for relief are procedurally barred. Additionally, the Court agrees with the Magistrate Judge's conclusion that Petitioner has both failed to establish cause which would excuse the procedural defaults and failed to make a

sufficient showing of actual innocence to establish a miscarriage of justice. Therefore, the Court overrules Petitioner's remaining objections related to these grounds and accepts the R&R's recommendation that the Court deny relief on these grounds.

## V. CERTIFICATE OF APPEALABILITY

The R&R recommends that this Court deny the issuance of a certificate of appealability ("COA"). Petitioner objects to this recommendation.

A judge may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standards for granting a COA are the same for petitions under § 2254 and § 2255. *See United States v. Martin*, 226 F.3d 1042, 1046 n.4 (9th Cir. 2000). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *see also id.* (describing the COA determination as deciding whether the issues presented are "'adequate to deserve encouragement to proceed further'" [*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)]). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Here, with regard to Petitioner's first ground, the Court finds that Petitioner has not demonstrated that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. Furthermore, regarding the remaining grounds, the Court finds that jurists of reason could not find it debatable whether this Court was correct in its procedural rulings. Therefore, the Court will overrule Petitioner's objection to the R&R with respect to the issue of whether to grant a COA.

## VI. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the R&R (Doc. 16) is accepted; the objections (Doc. 17) are overruled as specified above; the Petition for Writ of Habeas Corpus (Doc. 1) is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal is denied.

Dated this 6th day of December, 2018.

James A. Teilborg
Senior United States District Judge